IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-505-FL

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF GULFSIDE SUPPLY, INC. doing business as Gulf Eagle Supply, <br><br>Plaintiff, <br><br>v. <br><br>ALL STATE METALS, INC. doing business as ASM Construction Co.; and CHARLES COLLINS, <br><br>Defendants. | ORDER |

This matter comes before the court on what plaintiff has styled as a motion for summary judgment (DE 22), which the court construes as motions:

1. To strike the attempted answer of defendant All State Metals, Inc. ("ASM");

2. To enter default against defendant ASM;

3. To enter judgment default judgment against defendant ASM;

4. In the alternative, for summary judgment against defendant ASM; and

5. For summary judgment against defendant Charles Collins ("Collins").

For reasons given below, the court will GRANT plaintiff's motion for summary judgment against defendants ASM and Collins as to liability, and therefore DENIES AS MOOT plaintiff's motions to strike, and for entry of default and default judgment. In order to determine a sum certain on which to base a dollar award, and to calculate attorneys' fees, additional information is necessary, as herein

ordered. For that reason, summary judgment on damages is held in abeyance.

## STATEMENT OF THE CASE

Plaintiff instituted this action by complaint filed July 10, 2013, against defendants ASM and Collins, and against Liberty Mutual Insurance Company ("Liberty Mutual") (no longer a defendant). Plaintiff – who supplied materials to defendant ASM for defendant ASM's work as a subcontractor to ACC Construction Co., Inc., on a federal government construction project – alleges that defendant ASM breached its contract to pay for such materials. Plaintiff further alleges breach of contract against defendant Collins as guarantor for defendant ASM. On July 24, 2013, plaintiff filed a July 22, 2013, letter ("July letter") from defendant Collins to one of plaintiff's attorneys in which defendant Collins denied that defendant ASM was liable for any alleged nonpayment.

On September 3, 2013, the court entered its initial order. Therein the court noted that it was construing the July letter to be the response of defendants Collins and ASM to plaintiff's complaint. However, where no counsel had entered appearance on behalf of defendant ASM, the court therein ordered that defendant ASM retain counsel, have counsel file a notice of appearance, and respond to plaintiff's complaint by the October 8, 2013, deadline for the filing of a proposed discovery plan. Defendant ASM failed so to do.

Thereafter, plaintiff filed the instant motions against defendants ASM and Collins (DE 22). Defendant Collins filed various documents in response to plaintiff's motion for summary judgment (DE 29, 33). During this time, plaintiff also settled its claims against Liberty Mutual for $40,000.00. Accordingly, upon joint motion of plaintiff and Liberty Mutual, the court dismissed Liberty Mutual as a defendant by order entered January 8, 2014.

2

## STATEMENT OF UNDISPUTED FACTS

The undisputed facts, including facts which defendants have admitted, are as follows: On or about April 16, 2007, defendants ASM and Collins submitted a credit application, signed by defendant Collins, to plaintiff in order to establish a credit account from which it could purchase materials from plaintiff. Compl. ¶ 9; Affidavit of Joe Schumacher ("Schumacher Aff.") ¶ 5 (DE 23-1). This application was accepted by plaintiff. Compl. ¶ 9; Schumacher Aff. ¶ 5. Pursuant to this agreement, ("the Agreement") any past due amounts would accrue interest at the rate of eighteen percent (18%) per annum and defendant ASM agreed to pay the costs and expenses of collection, including 33 and 1/3% of the amount due as attorneys' fees. Compl. ¶ 11. As part of the Agreement, defendant Collins agreed to personally and individually guarantee the payment of all sums due under the Agreement by defendant ASM including attorneys' fees. Id. ¶ 12. Plaintiff supplied materials at the request of defendants ASM and Collins which were accepted and used by defendant ASM. Id. ¶¶ 14-15; Schumacher Aff. ¶ 6. Plaintiff sent defendant ASM invoices for the materials provided, and defendants failed to pay for the materials in full.[1]  Compl. ¶ 16; Schumacher Aff. ¶ 6.

As of March 6, 2013, the principal and accrued interest on the unpaid invoices amounted to $158,183.45.[2]  Schumacher Aff. ¶ 7.

---

[1] Defendant Collins asserts in his response to this summary judgment motion that defendant ASM did not receive all materials requested from plaintiff. However, defendant Collins had already admitted that such materials were received. Moreover, he provides the court with no evidence that these materials were not received. Accordingly, defendants fail to raise a genuine issue of material fact as to whether the materials requested were received.

[2] Defendant Collins has denied that defendants owe any money to plaintiff, but has failed to proffer any evidence buttressing this assertion.

# COURT'S DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . affidavits or declarations . . . [or] admissions . . . ." Fed. R. Civ. P. 56(c)(1)(A).

The movant shows that there is no genuine issue of material fact and they are entitled to judgment as a matter of law when "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). On the other hand, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and summary judgment should be denied. Id. at 489-90. Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on a motion. Id. at 248-49.

It is well-established that the party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

B.  Analysis

Plaintiff contends that there is no genuine issue of material fact that defendants ASM and Collins are liable for breach of contract and owe it $158,183.45 in principal and accrued interest as of March 6, 2013, plus interest at the rate of eighteen percent (18%) per annum from March 6, 2013, through entry of judgment, and thereafter at the legal rate until paid in full. Plaintiff further asserts there is no genuine material factual issue that it is entitled to recover attorneys' fees in the amount of fifteen percent (15%) the amount of the balance owing.

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Here, plaintiff has alleged, and defendants have admitted by failing to deny, the following:

- Defendants ASM and Collins submitted a credit application, which was signed by defendant Collins, to plaintiff in order to establish a credit account from which it could purchase materials from plaintiff. Compl. ¶ 9.

- This application was accepted by plaintiff. Id.

- Pursuant to this Agreement, any past due amounts would accrue interest at the rate of eighteen percent (18%) per annum, and defendant ASM would pay the costs and expenses of collection, including 33 and 1/3% of the amount due as attorney's fees. Id. ¶ 11.

- As part of the Agreement, defendant Collins agreed to personally and individually guarantee the payment of all sums due under the Agreement by defendant ASM, including attorneys' fees. Id. ¶ 12.

- Plaintiff supplied materials at the request of defendants ASM and Collins which were accepted and used by defendant ASM. Id. ¶¶ 14-15.

- Plaintiff sent defendant ASM invoices for the materials provided, and defendants failed to pay for the materials in full.[3] Id. ¶ 16.

---

[3] Defendant Collins asserts in his response to this summary judgment motion that defendant ASM did not receive all materials requested from plaintiff. However, defendant Collins had already admitted that such materials were received. Moreover, he provides the court with no evidence that these materials were not received. Accordingly, defendants fail

5

Furthermore, as set out in the affidavit of Joe Schumacher, as of March 6, 2013, defendants ASM and Collins owed plaintiff $158,183.45 in principal and accrued interest on the unpaid invoices.

Defendant Collins contends that no money is owed to plaintiff, arguing that "ASM must receive from [plaintiff] original signed shipping tickets by ASM employees that match invoices with a reference number on shipping tickets that much the invoice number." Resp. Opp'n Summ. J. Defendant Collins has also provided the court with invoices that purportedly did not have shipping tickets and packing slips attached. See Def. Collins's Discovery Documents Filed January 22, 2014, Ex. 4 (DE 33-4). Defendants point to no evidence, however, indicating that they need not make payment on invoices received without shipping tickets and packing slips. Indeed, the Agreement itself provides that "[d]elivery of material with or without signed delivery ticket shall constitute [a] purchase of merchandise." Compl. Ex. A, at 2 ¶ 15; see also Schumacher Aff. ¶ 5 (attesting to the authenticity of the copy of the Agreement attached as exhibit A to the complaint). Defendant Collins has therefore failed to raise any genuine issue of material fact with respect to the amount due and owing plaintiff on the unpaid invoices.

With respect to plaintiff's claim for attorney fees, pursuant to N.C. Gen. Stat. § 6-21.2, "[o]bligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable . . . subject to the following provisions." These provisions include that

> [i]f such note, conditional sale contract or other evidence of indebtedness provides for attorneys' fees in some specific percentage of the "outstanding balance" as herein defined, such provision and obligation shall be valid and enforceable up to but not in excess of fifteen percent (15%) of said "outstanding balance" owing on said note,

---

to raise a genuine issue of material fact as to whether the materials requested were received.

6

contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2(1). "The 'outstanding balance' shall mean the principal and interest owing at the time suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt." N.C. Gen. Stat. § 6-21.2(4). Finally,

> The holder of an unsecured note or other writing(s) evidencing an unsecured debt, and/or the holder of a note and chattel mortgage or other security agreement and/or the holder of a conditional sale contract or any other such security agreement which evidences both a monetary obligation and a security interest in or a lease of specific goods, or his attorney at law, shall, after maturity of the obligation by default or otherwise, notify the maker, debtor, account debtor, endorser or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the "outstanding balance" shall be enforced and that such maker, debtor, account debtor, endorser or party sought to be held on said obligation has five days from the mailing of such notice to pay the "outstanding balance" without the attorneys' fees. If such party shall pay the "outstanding balance" in full before the expiration of such time, then the obligation to pay the attorneys' fees shall be void, and no court shall enforce such provisions.

N.C. Gen. Stat. § 6-21.2(5). In this case, the Agreement provided that defendants were liable for the costs of collection, including 33 and 1/3% of the amount due as attorneys' fees. See Compl. ¶ 11; Compl. Ex. A. at 2 ¶ 6. Pursuant to N.C. Gen. Stat. § 6-21.2(1), however, this provision of the Agreement is only "valid and enforceable up to but not in excess of fifteen percent (15%) of said 'outstanding balance' owing." Plaintiff notified defendants of the outstanding balance and that if such balance was not paid within five days plaintiff would seek attorney fees in the amount of fifteen percent (15%) of the balance owing. See Compl. ¶¶ 18-19. Accordingly, defendants must pay plaintiff reasonable attorneys' fees in the amount of fifteen percent (15%) of the balance owing as of the date upon which the suit was filed.[4] Thus, based upon the foregoing, plaintiff's motion for

---

[4] It is not clear whether plaintiff is seeking attorneys' fees in the amount of 15% of the balance owing as of: (1) March 6, 2013; (2) the date this suit was filed; or (3) the date of entry of judgment. Where N.C. Gen. Stat. § 6-21.2(4) provides the relevant date is the date suit is filed, the court construes plaintiff's request as one made in accordance with law for

7

summary judgment as to defendants Collins and ASM is granted where there is no genuine issue of material fact concerning defendants' liability.

## CONCLUSION

For reasons given, the court GRANTS plaintiff's motion for summary judgment as it relates to defendants' liability. Plaintiff's motions to strike, and for entry of default and default judgment are DENIED AS MOOT.

Pursuant to Fed. R. Civ. P. 56(e)(1), the court ORDERS plaintiff to submit within fourteen (14) days a sworn accounting and confirmation of 1) the total amount of account indebtedness owed exclusive of attorneys' fees[5] under the Agreement as of the date of filing of the law suit; and 2) the total amount due and owing an account with reference to the contract rate of interest accruing from and after the date of filing of the lawsuit up to and until date of entry of this order, taking into account any credits to which defendants are entitled. Said submission shall be devoid of any argument.

Should defendants seek to contest the amounts provided in plaintiff's sworn accounting and confirmation, they shall support their opposition in written filing(s) in accordance with Rule 56 not later than twenty-one (21) days after service of the sworn accounting and confirmation and, in that event, plaintiff shall have fourteen (14) days within which to reply.

Again, the corporate defendant is reminded it cannot proceed pro se. Any separate response by defendant All State Metals, Inc. may be summarily disregarded.

The clerk of court will address the bill of costs separately.

---

attorneys' fees in the amount of 15% of the balance owing as of the date this suit was filed.

[5] From this amount the court will calculate the fifteen percent (15 %) attorneys' fee award.

8

SO ORDERED, this the 10th day of June, 2014.

                                                                          _____
                                                                          LOUISE W. FLANAGAN
                                                                          United States District Judge